IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE ALLEN PELHAM | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-617-T |
| | WO |
| JUDGE FRANK L. MCGUIRE, *et al.*, | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Steve Pelham, is incarcerated in the Covington County Jail located in Andalusia, Alabama. He files this 42 U.S.C. § 1983 ("Section 1983") action against the Honorable Frank McGuire and the City of Opp Police Department. Plaintiff complains that the amount of bail set in his case is excessive and that Defendants' refusal to lower his bond violates his constitutional rights. Plaintiff requests that his bond be lowered.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTS**

Plaintiff was arrested on April 22, 2005 in Opp, Alabama, on charges of receiving stolen property in the second degree. He was taken the Opp Police Department. His bail was

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

set at $100,000.00. Plaintiff was subsequently taken to the Covington County Jail. He states that Judge McGuire denied his court appointed lawyer's request for bond reduction.

Plaintiff alleges that he cannot make a $100,000.00 bond. He complains that Defendants' failure to set a reasonable amount of bail violates his constitutional rights to due process and equal protection.

## II. DISCUSSION

*1. The Opp Police Department*

Plaintiff names the Opp Police Department located in Opp, Alabama, as a defendant. The Opp Police Department is not a legal entity and, therefore, is not subject to suit or liability under Section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Consequently, Plaintiff's claims against this defendant are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*2. Judge Frank McGuire*

Plaintiff asserts a violation of his due process and equal protection rights due to imposition of an excessive bail amount set in his pending criminal case and Judge McGuire's failure to reduce his bond. Plaintiff requests that his bond be lowered to $10,000.00.

In 1996 Congress passed the Federal Courts Improvement Act ("FCIA") which amended Section1983 to state that "... in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (amended Oct. 19, 1996 by Pub.L. 104-317, Title III, § 309(c), 110 Stat. 3853). Plaintiff neither alleges that Defendant McGuire violated a declaratory decree nor that declaratory relief is unavailable. Accordingly, Plaintiff's complaint for injunctive relief against Defendant McGuire is due to be dismissed.

Moreover, the law is well settled that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). A Section 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court *Datz*, 51 F.3d at 254 (finding that a Section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

## III. CONCLUSION

For the foregoing reasons, dismissal of Plaintiff's claims for injunctive relief arising from actions of the state court in setting his bail is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989). Accordingly, **it is the RECOMMENDATION of the Magistrate Judge** that Plaintiff's complaint be dismissed

with prejudice prior to **service of process under 28 U.S.C. § 1915(e)(2)(B).**

**It is further ORDERED** that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 20, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of July, 2005.

                                            **/s/ Delores R. Boyd**
                                            DELORES R. BOYD
                                            UNITED STATES MAGISTRATE JUDGE